UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
CASE NO.

---

T.E.S COPRPORATION d/b/a NEW PROCESS CLEANERS

    Plaintiff

-against-

Index No.: 1:22-cv-00739 (MAD/DJS)

VIAMGAR VENTURES, INC, GAVIN RAGUSA,
and GAVIN RAGUSA as EXECUTOR OF
THE ESTATE OF VICTOR J. RAGUSA

    Defendants

---

### **PLAINTIFF'S COMPLAINT FOR DAMAGES**

### **PRELIMINARY STATEMENT**

    T.E.S. Corporation d/b/a New Process Cleaners, (the "Plaintiff"), brings this action seeking a declaration of rights and damages for contribution, indemnification and/or compensation for response costs, property damage, and related damages, including attorney fees, pursuant to 42 U.S.C. §9613(f) (CERCLA), New York Navigation Law §176, indemnification, contribution, nuisance, and negligence against Viamgar Ventures, Inc, Gavin Ragusa, and Gavin Ragusa as Executor of the Estate of Victor J. Ragusa, (the "Defendants") related to the release(s) of petroleum and/or hazardous materials ("OHM") at, under and from the property located at 115 North Market Street, Johnstown, New York 12995 (the "Property" or "Site").

## JURISDICTION AND VENUE

1. This is an action for damages for environmental contamination to certain real property located at 115 North Market Street, Johnstown, New York 12095 that arise under the Comprehensive Environmental Response, Compensation and Liability Act 42 U.S.C. §9601, et seq. ("CERCLA"), the Resource Conservation and Recovery Act 42 U.S.C. §6901 et seq. ("RCRA"), and New York State statutory and common law.

2. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, federal question jurisdiction.

3. The Defendant Viamgar Ventures, Inc. is subject to personal jurisdiction in this judicial district because it is domiciled in this judicial district.

4. The Defendant Gavin Ragusa is subject to personal jurisdiction in this judicial district because he is domiciled in this judicial district.

5. The Defendant Gavin Ragusa as Executor for the Estate of Victor J. Ragusa is subject to personal jurisdiction in this judicial district because he is domiciled in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 since the Defendants are domiciled within the judicial district and have engaged in activities that caused harm and damage within this judicial district.

## THE PARTIES

7. The Plaintiff, T.E.S Corporation d/b/a New Process Cleaners is a New York corporation with a principal place of business at 115 North Market Street, Johnstown, New York 12095 (hereinafter "the Plaintiff" or "NPC").

8. Upon information and belief, the Defendant Viamgar Ventures, Inc is a New York corporation with a principal place of business at 270 Ext. N. Second Avenue, Broadalbin, New York 12025 (hereinafter "Defendant Viamgar").

9. Upon information and belief, the Defendant Gavin Ragusa is an individual with a principal address located at 270 Ext. North Second Avenue, Broadalbin, New York 12025 (hereinafter "Defendant Gavin Ragusa").

10. Upon information and belief, the Defendant Gavin Ragusa is the Executor of the Estate Victor Ragusa with a principal address located at 270 Ext. North Second Avenue, Broadalbin, New York 12025 (hereinafter "Defendant Executor Ragusa").

## COMMON FACTUAL ALLEGATIONS

### Background of Release(s) and Associated Response Actions

11. The Plaintiff has a principal place of business at 115 North Market Street, Johnstown, New York 12095 (hereinafter "the Property") and operates a dry-cleaning business at the Property.

12. In December of 2018, New York State Department of Environmental Conservation (hereinafter "NYSDEC") conducted a site characterization at the Property which included sampling of subsurface soil and groundwater. The site characterization identified hazardous

substance contamination allegedly associated with dry cleaning operations at the Property in soil and groundwater.

13. The primary contaminants of concern at the Property are Chlorinated Volatile Organic Compounds (CVOCs), including Tetrachloroethene (PCE), and its breakdown products which are considered hazardous waste and hazardous substances.

14. Further, the NYSDEC investigation identified additional contaminants of concern at the Property in the form of petroleum and petroleum byproducts.

15. The Property has been listed by the NYSDEC State Superfund Program as an inactive hazardous waste disposal site as Remedial Program Site 518024 with a Classification of 02 pursuant to Article 27, Title 13 of the Environmental Conservation Law (ECL) 7-1305.

16. On October 31, 2019, NYDEC issued a letter indicating that the Plaintiff that it was a party potentially responsible for the Site's contamination and requesting that the Plaintiff implement and finance a remedial testing and decontamination program for the Property.

17. Upon receiving notification from the NYDEC, the Plaintiff immediately notified the Defendants, as prior owners, and operators of a dry-cleaning business at the Property, and demanded they pay for the costs, including future response costs, to clean up the hazardous waste and petroleum from the Property.

18. The Plaintiff is the current owner of the Property, and it has spent significant funds over the past decades to address the release(s) of PCE and other chlorinated volatile organic compounds ("CVOCs") at the Property as a result of improper disposal practices by the Defendants during their operations of a dry-cleaning business at the Property.

19. The Defendants Victor J. Ragusa, Gavin Ragusa and Viamgar Ventures were the former owners and operators of a dry-cleaning business at the Property.

20. Victor J. Ragusa died on September 20, 2019, and upon information and belief, Gavin Ragusa is the executor or administrator of his estate.

21. The Plaintiff has conducted its dry-cleaning business on the Property since its acquisition of the Property and the dry-cleaning business from Viamgar Ventures, Inc. ("Viamgar") in 1996.

22. Upon information and belief, the late Victor J. Ragusa and Gavin Ragusa owned and personally operated a dry-cleaning business using and managing hazardous substances and generating hazardous waste at the Property from April 24, 1987 until September 1995 when they sold the dry-cleaning business and Property to the Defendant Viamgar.

23. Upon information and belief, Victor J. Ragusa owned the Property individually from April 24, 1987, until he sold the Property to Viamgar in September of 1995.

24. Thereafter, upon information and belief, Viamgar owned and operated a dry-cleaning business at the Property. Viamgar was owned and operated by Victor J. Ragusa and Gavin Ragusa until the sale of the Property by Viamgar to the Plaintiff in 1995.

25. During their ownership of the Property, the Defendants operated their dry-cleaning business with an open loop system that used hazardous substances including PCE, and the Defendants managed, stored, and allowed the release of hazardous waste and petroleum products at the Property.

26. After acquiring the Property form the Defendants, the Plaintiff invested in technology that fully contained the use of the CVOC chemicals within a closed-loop system when operating its dry-cleaning operations at the Property.

27. Thereafter, the Plaintiff upgraded the technology of its operations to ensure that the hazardous waste complained of by the NYSDEC would not occur.

28. In 2012, the Plaintiff further upgraded its dry-cleaning equipment to eliminate the use of CVOCs and now uses dry-cleaning equipment that uses K-4 for its dry-cleaning operations at the Property.

29. The presence of PCE breakdown products, suggests that any contamination originating from the Property was caused by the Defendants' operation of a dry-cleaning business at the Property, which used a utilized a non-self-contained (open loop) PCE dry-cleaning unit.

30. Further, the presence of petroleum and petroleum products at the Property also arose from the period of time that the Defendants operated their dry-cleaning business at the Property.

31. The Plaintiff has never used or stored petroleum or petroleum products at the Property during the conduct of its dry-cleaning operations.

32. The NYSDEC is now conducting additional testing and sampling on the Property as part of its ongoing investigation to determine the nature and extent of the hazardous waste and petroleum contamination at the Property.

33. The release of hazardous materials, hazardous substances and petroleum contamination by the Defendants continues to impact the Property for which the Plaintiff will continue to incur costs and expenses involved in the remediation of the same.

34. The Plaintiff is pursing the recovery of its unreimbursed assessment, remediation and response costs associated therewith from the Defendants, that the Plaintiff has incurred and will incur in response to the Defendants' release of hazardous waste and petroleum products at the Property.

**FIRST CLAIM FOR RELIEF**
(Claim for Recover of Response Costs Pursuant to CERCLA §107(a))

35. The Plaintiff repeats and realleges by reference the allegations of Paragraphs 1 through 34 as though fully set forth herein.

36. Section 107(a) of CERCLA, 42 U.S.C. §9607(a) establishes four classes of potentially responsible parties for response costs associated with the clean-up of hazardous substances: (1) present owners and operators of facilities that accepted hazardous substances; (2) post owners and operators of such facilities; (3) generators of hazardous substances; and (4) certain transporters of hazardous substances.

37. The liability of a potentially liable party under Section 107(a) of CERCLA is strict and such person shall be liable for all costs of removal or remedial action.

38. Each Defendant is a potentially responsible party within the meaning of Section 107(a) of CERCLA.

39. Gavin Ragusa was the owner and operator of the Property and the dry-cleaning operation at said Property, which contaminated the site.

40. Victor Ragusa was the owner and operator of the Property and the dry-cleaning operation at said Property, which contaminated the site.

41. Viamgar Ventures, Inc. was the owner and operator of the Property and the dry-cleaning operation at said Property, which contaminated the site.

42. The Defendants released hazardous substances at the Property during their ownership of the Property and operation of the dry-cleaning business.

43. The Plaintiff has incurred assessment, removal, remedial and response costs as a result of the release of hazardous substances at the Property by the Defendants within the meaning of CERCLA.

44. Each Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. §9607(a), for Plaintiff's assessment, removal, remedial and response costs incurred as a result of the release of hazardous substances at the Property, together will all interest, costs and attorney's fees accrued on Plaintiff's response costs.

## SECOND CLAIM FOR RELIEF
### (Claim for Declaratory Relief Pursuant to CERCLA §113)

45. The Plaintiff repeats and realleges by reference the allegations of Paragraphs 1 through 44 as though fully set forth herein.

46. CERCLA §113 provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA §107(a).

47. The Defendants are persons that are potentially liable as post owners and operators of the Property under CERCLA §107(a).

48. Under CERCLA §113, the Plaintiff is entitled to a declaratory judgment that each Defendant is jointly and severally liable to Plaintiff for any assessment, removal, remedial and response costs the Plaintiff has incurred and may incur in the future as a result of any release any/or threatened release of hazardous substances at the Property.

## THIRD CLAIM FOR RELIEF
### (Claim for Contribution Pursuant to Navigation Law §176(8))

49. The Plaintiff repeats and realleges by reference the allegations of Paragraphs 1 through 48 as though fully set forth herein.

50. There has been a release of petroleum and petroleum products at the Property, as those terms are defined pursuant to the New York Navigation Law.

51. The Defendants are responsible parties as defined pursuant to the terms of the New York Navigation Law.

52. The Defendant released petroleum and petroleum products at the Property as defined pursuant to the terms of the New York Navigation Law.

53. The Plaintiff has provided cleanup and removal of the discharge of petroleum as defined under the terms of the New York Navigation Law.

54. As such, the Plaintiff is entitled to seek contribution from the Defendants as responsible parties for the costs the Plaintiff has incurred in providing cleanup or removal of discharge of petroleum pursuant to New York Navigation Law §176(8). These response costs include consultant fees, attorney fees, expert fees, and costs incurred by the Plaintiff or those that the Plaintiff will incur in the future.

## FOURTH CLAIM FOR RELIEF
### (Continuing Nuisance)

55. The Plaintiff repeats and realleges by reference the allegations of Paragraphs 1 through 54 as though fully set forth herein.

56. The Defendants caused a private and continuing nuisance by causing, exacerbating, or allowing the release(s) of oil and hazardous substances and materials to worsen and by failing and refusing to stop, abate, remove, or otherwise prevent the same.

57. The nuisance is continuing to cause property damages, assessment, removal, remedial and response costs.

58. The Defendants' actions or inactions unreasonably interfered with the Plaintiff's use and enjoyment of the Property and downgradient and other third parties' properties.

59. The Defendants are liable to the Plaintiff for property damages, assessment, removal, remedial and response costs and other expenses incurred by the Plaintiff to respond to the ongoing nuisance.

## FIFTH CLAIM FOR RELIEF
### (Negligence)

60. The Plaintiff repeats and realleges by reference the allegations of Paragraphs 1 through 59 as though fully set forth herein.

61. The Defendants were negligent in their operation of the dry-cleaning facility at the Property.

62. This negligence includes but is not limited to the failure to properly manage and dispose of PCE and related waste generated from the Defendants' operations of the dry-cleaning facility at the Property and causing, exacerbating, or allowing the release(s) of oil and hazardous materials to worsen, failing to identify all sources of releases and by failing and refusing to stop, abate, remove, or otherwise prevent the same.

63. The Defendants' negligence caused and continues to cause damages from the contaminated soil, groundwater, and indoor air at, under, and from the Property.

64. As a direct and proximate result of this negligence, the Plaintiff has been damaged, including but not limited to assessment, removal, remedial and response costs, property damages, attorney fees and other costs.

## JURY CLAIM

The Plaintiff demands Trial by Jury on all triable claims.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment on all counts of this Complaint and requests that this Court enter an award relief against Defendants as follows:

a. a judgment for any and all of Plaintiff's assessment, removal, remedial and response costs incurred as a result of the release of hazardous substances at the Property, together with all interest, costs and attorney's fees accrued on Plaintiff's response costs;

b. a declaratory judgment that each Defendant is jointly and severally liable to Plaintiff and should have to defend and indemnify Plaintiff for regulatory enforcement actions and any assessment, removal, remedial and response costs the Plaintiff has incurred and may incur in the future as a result of any release any/or threatened release of hazardous substances at the Property;

c. a judgment that as a result of Defendants' negligence and nuisance the Plaintiff has been damaged, including but not limited to assessment, removal, remedial and response costs, property damages, attorney fees and other costs;

d. Award compensatory damages to the Plaintiff of Five Hundred Thousand and 00/100 ($500,000.00) Dollars;

e.  Award the Plaintiff his costs and attorney's fees; and

f.  Grant the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 26, 2022

                                             T.E.S. Corporation
                                             d/b/a New Process Cleaners
                                             By its attorney,

*/s/ Matthew J. Sgambettera*

Matthew J. Sgambettera
N.D.N.Y. Bar No. 510996
The Sgambettera Law Firm
480 Broadway, Suite 316
Saratoga Springs, New York 12866
518-505-4962 (phone)
518-587-0575 (facsimile)
msgambettera@gmail.com